KLEES, Judge.
In this action, Continental Insurance Company (“Continental”) seeks indemnity *1109 from the Insurance Company of North America (“INA”) for the amount of a judgment which Continental paid on behalf of its insured, Halter Marine, Inc. (“Halter”). The district court granted summary judgment on behalf of INA, which Continental now appeals. The facts are as follows.
On April 7, 1981, an accident occurred near Halter’s facility on Chef Menteur Highway, also known as U.S. Highway 90. A car driven by Karen Alford attempted to turn left and cross the eastbound lanes of Highway 90 into Halter’s parking lot. She saw a car driven by Vincent Palumbo heading east toward her at high speed, and she stopped in the highway. Trying to avoid her, Mr. Palumbo swerved off the highway onto the shell shoulder. He lost control of his vehicle, which returned to the highway and spun around across the median into the path of a westbound Kentwood Spring Water truck. The truck hit Mr. Palumbo’s car broadside, killing his wife, who was a passenger in the car.
As a result of this accident, several lawsuits were filed. These suits were consolidated and were brought to trial in January 1989. Testimony at trial indicated that Mr. Palumbo had lost control of his vehicle because of the loose gravel or shells on the shoulder of the highway. The highway had been constructed by the state of Louisiana, and the shoulder was maintained by the Department of Transportation and Development (“DOTD”). Halter had received a permit from the state to construct at least one driveway into its facility across the shell shoulder. To obtain the permit, Halter had agreed to maintain the shoulder where the driveway crossed it. Halter had also constructed two other driveways across the shoulder into its parking lot. Testimony at trial indicated that there were shells on the highway in the area of the accident, which shells apparently had been tracked by vehicles either from the shoulder or from Halter’s shelled parking lot.
After six days of trial, the jury found that DOTD and Kentwood Spring Water were free of liability and that the accident was caused by the combined negligence of Mr. Palumbo, Ms. Alford and Halter in the following percentages: Mr. Palumbo, 28%; Ms. Alford 24%; and Halter, 48%. The jury also found that the total damages suffered by the Palumbos amounted to $1,100,000.00. Continental, which provided comprehensive general liability coverage to Halter, paid $700,000 to satisfy the judgment against its insured, and received a release from the plaintiffs. Continental then filed suit to recover that amount from INA, which had issued to Halter a policy of business automobile liability insurance that was in effect on the date of the accident.
INA brought a motion for summary judgment on the grounds that its coverage did not apply because the accident did not result from the “ownership, maintenance or use of a covered auto” as required under the policy. The trial judge granted the motion without written reasons, dismissing Continental’s case. We agree with the trial court that, as a matter of law, Halter’s liability for this accident does not fall within the coverage provided by the INA policy.
Continental’s argument that this accident resulted from the use of a covered auto by Halter defies common sense. This argument is premised solely on the fact that the policy, in a section listing the different types of autos covered, includes category # 1, defined as “any auto.” However, in the context of this policy, “any auto” clearly means any covered auto, an auto for which Halter had some legal responsibility. There were no Halter vehicles involved in this accident. There were no vehicles involved which were owned, borrowed or used by Halter employees. In the absence of any definitive evidence as to how the shells got onto the highway, the jury obviously found Halter liable for its failure to properly construct and/or maintain the shoulder, the parking lot, and/or the driveways. This liability does not arise out of Halter’s ownership, maintenance or use of any vehicle. Therefore, Halter’s obligation under the judgment clearly falls outside the coverage of the INA policy and is properly covered by Continental, the comprehensive general liability insurer.
*1110 We also find no merit in Continental’s argument that summary judgment is improper because there are material facts remaining at issue. The facts concerning this accident were fully developed at the six-day trial, which followed years of discovery. The record is complete.
Accordingly, for the reasons given, we affirm the summary judgment granted by the district court in favor of INA, dismissing Continental’s action.
AFFIRMED.